IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOSHUA CALHOUN | § | |
| Petitioner | § | |
| v. | § | Case No. 5:23-cv-28-JRG-JBB |
| DIRECTOR, TDCJ-CID | § | |
| Respondent | § | |

## ORDER OF DISMISSAL

Petitioner Joshua Calhoun, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil action in the form of an application for the writ of habeas corpus. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

The Magistrate Judge ordered Petitioner to file an amended petition setting out facts in support of his claim. Petitioner's amended petition (Dkt. No. 11) mentions a 2014 conviction for evading arrest in Henderson County and a disciplinary case he received in 2022 at the Telford Unit of TDCJ-CID, but his grounds for relief do not refer to either of those proceedings. Instead, he complains of being denied access to court, preventing him from filing charges against TDCJ officers who allegedly assaulted him in 2021 and 2022. He also complains that he is eligible for parole, but unit officials refuse to run a unit classification committee hearing to allow him to raise his classification level, thus preventing him from making parole, and that the Office of the Inspector General is not properly investigating his grievances. He attaches a number of exhibits concerning his attempt to file charges and his complaints of being denied a classification hearing, as well as grievances complaining of the conditions of his confinement.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that the sole function of habeas corpus is to provide relief from unlawful confinement or imprisonment, and it cannot be used for any other

purpose. In this case, the Magistrate Judge stated that none of the issues raised by Petitioner implicate the fact or legality of his confinement. While Petitioner asserts that the failure to give him a hearing before the Unit Classification Committee implicated his eligibility for parole, the Magistrate Judge determined that there is no constitutional expectancy of parole in the State of Texas and it is entirely speculative whether a prisoner will be released on parole even if he is eligible, and so a delay in parole consideration cannot support a constitutional claim. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Thus, the Magistrate Judge explained that even had Petitioner had his classification hearing in October of 2022 as scheduled, and had he received a promotion to minimum custody, he still had no expectancy of being released on parole when he became eligible. The Magistrate Judge stated that Petitioner therefore has no available habeas corpus remedies concerning either the classification hearing or his eligibility for parole.

The Magistrate Judge further determined that Petitioner's complaints about an alleged assault, his inability to file criminal charges concerning this assault, the failure to investigate his grievances as he believed appropriate, and his complaints about the conditions of his confinement did not implicate the fact or legality of his confinement and were not cognizable in habeas corpus. The Magistrate Judge thus recommended that the petition for habeas corpus relief be dismissed and that Petitioner be denied a certificate of appealability *sua sponte*.

In his objections (Dkt. No. 27), Petitioner asserted that the Court should not rule on any further motions until an attorney is appointed who can conduct discovery. He says that he is being denied documents such as an employee roster for the Office of the Inspector General and that he is being denied due process and access to courts because the Office of the Inspector General is not allowing the district attorney of Anderson County to know of the assaults on June 7, 2021. Petitioner asks that the case be stayed because the law library is withholding the employee roster as well as PD-33, the TDCJ employee manual. He attaches a number of exhibits pertinent to his claim that he has been trying to press charges on the officers whom he says assaulted him. However, Petitioner's objections do not mention, much less controvert, the Magistrate Judge's conclusion that the claims raised in the petition are not cognizable in habeas corpus.

Nor has Petitioner shown that he is entitled to appointment of counsel or to discovery. The Fifth Circuit has explained that appointment of counsel in a habeas case is warranted where an evidentiary hearing is required or where the interests of justice so require. *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011). Petitioner has made no showing that an evidentiary hearing is required nor that the interests of justice require appointment of counsel in his case.

Habeas corpus petitioners are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only upon demonstrating good cause and specifying the discovery needed. *See* Rule 6 of the Rules Governing Section 2254 Proceedings in the United States District Courts. A petitioner demonstrates good cause where the specific allegations before the court show reason to believe that the petitioner may be entitled to relief if the facts are fully developed. *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014), *citing Bracy*, 520 U.S. at 904. Petitioner has not demonstrated good cause justifying discovery.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (Dkt. No. 25) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED** *sua sponte*. Any and all pending motions in this case are **DENIED**.

**So Ordered this**

**Mar 20, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE